FILED
CLERK, U.S. DISTRICT COURT
2/27/24
CENTRAL DISTRICT OF CALIFORNIA
BY: _____V. Figueroa_____ DEPUTY

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**JS-6**

| | |
|---|---|
| Deborah Elizabeth Gouch-Onasis,<br><br>PLAINTIFF(S)<br><br>v.<br><br>State of California, et al.,<br><br>DEFENDANT(S) | **CASE NUMBER**<br><br>2:24-cv-01305-FMO-SK<br><br>**ORDER ON REQUEST TO PROCEED**<br>***IN FORMA PAUPERIS***<br>**(NON-PRISONER CASE)** |

The Court has reviewed the Request to Proceed *In Forma Pauperis* (the "Request") and the documents submitted with it. On the question of indigency, the Court finds that the party who filed the Request:

☒ is not able to pay the filing fees.     ☐ is able to pay the filing fees.

☐ has not submitted enough information for the Court to tell if the filer is able to pay the filing fees. This is what is missing:



**IT IS THEREFORE ORDERED** that:

☐ The Request is GRANTED.

☐ Ruling on the Request is POSTPONED for 30 days so that the filer may provide additional information.

☐ The Request is DENIED because the filer has the ability to pay.

☒ As explained in the attached statement, the Request is DENIED because:
  ☒ The District Court lacks ☒ subject matter jurisdiction ☐ removal jurisdiction.
  ☐ The action is frivolous or malicious.
  ☐ The action fails to state a claim upon which relief may be granted.
  ☐ The action seeks monetary relief against defendant(s) immune from such relief.

**IT IS FURTHER ORDERED** that:

☐ Within 30 days of the date of this Order, the filer must do the following:

If the filer does not comply with these instructions within 30 days, this case will be DISMISSED without prejudice.

☒ As explained in the attached statement, because it is absolutely clear that the deficiencies in the complaint cannot be cured by amendment, this case is hereby DISMISSED ☒WITHOUT PREJUDICE ☐ WITH PREJUDICE.

☐ This case is REMANDED to state court as explained in the attached statement.

| | |
|---|---|
| February 27, 2024 | /s/ Fernando M. Olguin |
| Date | United States District Judge |

CV-73 (07/22)           ORDER ON REQUEST TO PROCEED *IN FORMA PAUPERIS* (NON-PRISONER CASE)

On February 16, 2024, Plaintiff filed a Complaint and a Request to Proceed In Forma Pauperis. (ECF Nos. 1, 3.) Plaintiff alleges that Defendants ignored her claims of misconduct by attorneys or government employees. (ECF No. 1 at 5.) The Defendants are the State of California, the Los Angeles Board of Supervisors, and the Los Angeles City Attorney's Office. (ECF No. 1 at 1.) Her claims remain pending in an enforcement proceeding with the Los Angeles City Attorney's Office, which allegedly has approved her claims but has been "stalling" the case since 2023. (Id. at 5.) Plaintiff seeks $200,000 in damages. (ECF No. 1-1 at 1.)

"A party invoking the federal court's jurisdiction has the burden of proving the actual existence of subject matter jurisdiction." Thompson v. McCombe, 99 F.3d 352, 353 (9th Cir. 1996) (per curiam). For the following reasons, Plaintiff has not established the jurisdiction of the Court.

First, one of the Defendants, the State of California, has sovereign immunity from suit under the Eleventh Amendment. See Munoz v. Superior Court of Los Angeles County, 91 F.4th 977, 981 (9th Cir. 2024) ("Eleventh Amendment immunity is a threshold jurisdictional issue."). To the extent that Plaintiff suggests that she is suing the State Bar of California (ECF No. 1 at 5), the State Bar has immunity under the Eleventh Amendment. Kohn v. State Bar of California, 87 F.4th 1021, 1024 (9th Cir. 2023). "Longstanding Supreme Court precedent has interpreted this Amendment to immunize states from suit in federal court by citizens and noncitizens alike." Id. at 1025.

Second, the Court must abstain as to the remaining Defendants, local governmental entities, because state proceedings are pending. In Younger v. Harris, 410 U.S. 37 (1971), the Supreme Court "espouse[d] a strong federal policy against federal-court interference with pending state judicial proceedings." Middlesex County Ethics Comm. v. Garden State Bar Ass'n., 457 U.S. 423, 431 (1982); see also Washington v. Los Angeles County Sheriff's Department, 833 F.3d 1048, 1057-58 (9th Cir. 2016) (treating Younger abstention as a dismissal for lack of jurisdiction). Here, the Court has no authority to grant Plaintiff's apparent request to order the City Attorney to hasten proceedings. See H.D. ex rel. Gordon v. Koppel, 203 F.3d 610, 613-14 (9th Cir. 2000) ("Plaintiffs desire wholesale federal intervention into an ongoing state . . . dispute. . . . This is not the proper business of the federal judiciary."). By her own account, her claims remain pending in an action by the City Attorney. (ECF No. 1 at 5.) The Court therefore must abstain. See Monster Beverage Corp. v. Herrera,  650 F. App'x 344, 345-46 (9th Cir. 2016) (pending proceeding by the City Attorney required Younger abstention).

For these reasons, the Complaint is dismissed.

Finally, leave to amend is not warranted. Amendment would be futile while a state proceeding is ongoing. See Herships v. Newsom, 2019 WL 5309193, at *3 (E.D. Cal. Oct. 21, 2019) (holding that pleading deficiencies based on Younger could not be cured by amendment); Clark v. Superior Court of California, 2019 WL 1114881, at *5 (S.D. Cal. Mar. 11, 2019) (holding that amendment would be futile where a federal court was required to abstain under Younger). Thus, the Complaint is dismissed without leave to amend, and the action is dismissed without prejudice.