UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.   2:24-cv-01305 FMO (SK)                                        Date: March 26, 2024

Title    Deborah Elizabeth Gouch-Onasis v. State of California, et al.

Present: The Honorable:    **Fernando M. Olguin, U.S. District Court Judge**

|  Vanessa Figueroa  |  N/A  |
|---|---|
|  Deputy Clerk  |  Court Reporter / Recorder  |

Attorneys Present for Petitioner:    Attorneys Present for Respondent:
N/A                                                          N/A

**Proceedings (In Chambers):  Motion for Reconsideration (ECF No. 18)**

On February 16, 2024, Plaintiff filed a Complaint and a Request to Proceed In Forma Pauperis. (ECF Nos. 1, 3.)  Plaintiff alleged that Defendants ignored her claims of misconduct by attorneys or government employees. (ECF No. 1 at 5.)  The Defendants were the State of California, the Los Angeles Board of Supervisors, and the Los Angeles City Attorney's Office. (ECF No. 1 at 1.)  Her claims remained pending in an enforcement proceeding with the Los Angeles City Attorney's Office, which allegedly has approved her claims but had been "stalling" the case since 2023. (*Id*. at 5.)  Plaintiff sought $200,000 in damages. (ECF No. 1-1 at 1.)

On February 27, 2024, the Court denied Plaintiff's request to proceed in forma pauperis and dismissed the case without prejudice for lack of jurisdiction.  (ECF No. 7.)  The Court found that one of the Defendants was immune from suit and that state proceedings were still ongoing, requiring abstention.  (*Id*.)

On March 21, 2024, Plaintiff filed a Motion for Reconsideration, which is now pending. (ECF No. 18.)  In the Motion, Plaintiff alleges that the Los Angeles City Attorney's Office informed her that her claims would be granted.  (*Id*. at 1-2.)  However, Plaintiff allegedly has suffered delays in the processing of her claims.  (*Id*. at 2.)

Because the pending Motion was filed less than 28 days after the Court's order of dismissal, the Motion is treated as a motion to alter or amend a judgment pursuant to Federal Rule of Civil Procedure 59(e).  *See Hanson v. Shubert*, 968 F.3d 1014, 1017 n.1 (9th Cir. 2020).  Rule 59(e) applies to a judgment or, as in this case, "any order from which an appeal lies."  *United States v. Martin*, 226 F.3d 1042, 1048 (9th Cir. 2000).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No.   2:24-cv-01305 FMO (SK)                                                  Date: March 26, 2024

Title        Deborah Elizabeth Gouch-Onasis v. State of California, et al.

Relief under Rule 59(e) is "an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources."  *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003).  Such relief should not be granted "unless the district court is presented with newly discovered evidence, committed *clear error*, or if there is an intervening change in the controlling law."  *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) (emphasis in original).  Here, because Plaintiff does not allege the existence of newly discovered evidence or an intervening change in the controlling law, the Motion is construed as alleging clear error.

Plaintiff has not demonstrated clear error in the Court's dismissal of her Complaint for lack of jurisdiction.  As the Court previously found, the Court has no authority to grant Plaintiff's request to order the acceleration of her state proceedings.  *See H.D. ex rel. Gordon v. Koppel*, 203 F.3d 610, 613-14 (9th Cir. 2000) ("Plaintiffs desire wholesale federal intervention into an ongoing state . . . dispute. . . . This is not the proper business of the federal judiciary.") (applying *Younger v. Harris*, 401 U.S. 37 (1971)); *see also SKS & Associates, Inc. v. Dart*, 619 F.3d 674, 677 (7th Cir. 2010) (holding that abstention was required under *Younger* where plaintiff sought to "speed up" state proceedings); *Witzke v. Idaho State Bar*, 647 F. Supp. 3d 943, 955 (D. Idaho 2022) ("Plaintiff is quite literally requesting injunctive relief from this Court to accelerate state proceedings.  This is precisely the type of federal court intervention contemplated by *Younger*.").  Plaintiff has not demonstrated any error in the finding.

In sum, the Motion for Reconsideration is **denied.**  (ECF No. 18.)

|  | 00:00 |
|---|---|
| **Initials of Preparer** | vdr |